UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BLUE, <br><br> Plaintiff, <br><br> vs. <br><br> JEFFREY A. BEARD, <br><br> Defendant. | 1:14-cv-01074-LJO-GSA-PC <br><br> ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED AS DUPLICATIVE OF PLAINTIFF MICHAEL BLUE'S CASE IN 1:14-CV-0816-LJO-SAB-PC <br><br> THIRTY DAY DEADLINE TO FILE RESPONSE |

**I.  BACKGROUND**

Michael Blue ("Plaintiff") is a state prisoner proceeding with counsel in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on January 28, 2014 at the United States District Court for the Central District of California. (Doc. 1.)  On July 8, 2014, the case was transferred to the Eastern District of California. (Doc. 8.)  The Complaint awaits the court's requisite screening under 28 U.S.C. § 1915A.

On November 7, 2014, Plaintiff filed a motion for consolidation. (Doc. 18.)

**II.  PLAINTIFF'S MOTION FOR CONSOLIDATION**

Plaintiff argues that this case (hereinafter "Blue") should be consolidated with case 1:14-cv-0060-LJO-SAB-PC (Smith v. Schwarzenegger) (hereinafter "Smith"), because both cases concern unlawful contraction by plaintiffs of the disease known as Valley Fever at the hands of the State.

### III. DISCUSSION

It appears that Plaintiff's allegations and claims in Blue may be duplicative of plaintiff Michael Blue's allegations and claims in case 1:14-cv-00816-LJO-SAB-PC (Abukar v. Schwarzenegger) (hereinafter "Abukar"). Plaintiff shall be required to show cause why Blue should not be dismissed as a duplicative case.

**Duplicative Cases**

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'" Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986) (per curiam)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams, 497 F.3d at 688 (citing see Curtis v. Citibank, N.A., 226 F.3d 133, 138–39 (2d Cir. 2000); Walton v. Eaton Corp., 563 F.2d 66, 70–71 (3d Cir.1977) (en banc), cited with approval in Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir.1997)).

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams, 497 F.3d at 688 (quoting Walton, 563 F.2d at 70; see also Curtis, 226 F.3d at 138–39; Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223–24 (7th Cir.1993)).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion." Adams, 497 F.3d at 688. "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." Id. (quoting The Haytian Republic, 154 U.S. 118, 124, 14 S.Ct. 992, 38 L.Ed. 930 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Adams, 497 F.3d at 689 (citing see The Haytian Republic, 154 U.S. at 124, 14 S.Ct. 992 ("There must be the

same parties, or, at least, such as represent the same interests; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis, of the relief sought must be the same." (internal quotation marks omitted)); Curtis, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "Curtis II claims arising out of the same events as those alleged in Curtis I," which claims "would have been heard if plaintiffs had timely raised them"); Serlin v. Arthur Anderson & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

**Plaintiff Michael Blue's Cases**

The court's record shows that plaintiff Michael Blue and numerous co-plaintiffs, proceeding with counsel including Benjamin Pavone, Esq., filed a civil rights action pursuant to 42 U.S.C. § 1983 on May 7, 2014, which was opened by the Clerk as Abukar, in which the plaintiffs allege that they contracted the disease known as Valley Fever at the hands of State officials. (Court Record.) While it is not apparent on the face of the two complaints that the plaintiff Michael Blue in Abukar is the same person as Plaintiff Michael Blue in Blue, the Court finds evidence that the two cases may be duplicative with respect to the allegations and claims by Michael Blue. In Blue, Plaintiff alleges that he contracted Valley Fever as an inmate when he was housed at Pleasant Valley State Prison. In Abukar, Michael Blue and co-plaintiffs are all inmates or former inmates who contracted Valley Fever at Pleasant Valley State Prison or Avenal State Prison. Both of the plaintiffs named Michael Blue are represented by attorney Benjamin Pavone, Esq. Based on these facts, the court finds that Plaintiff's case in Blue may be duplicative of plaintiff Michael Blue's case in Abukar.

On August 18, 2014, Abukar was consolidated with Smith. As a result, Abukar was closed, and Michael Blue now proceeds as one of the plaintiffs in Smith.

IV. **ORDER TO SHOW CAUSE**

Based on the foregoing, **IT IS HEREBY ORDERED** that within thirty days of the date of service of this order, Plaintiff is required to show cause why the present case Blue (1:14-cv-
///

01074-LJO-GSA-PC) should not be dismissed as duplicative of plaintiff Michael Blue's case in Abukar (1:14-cv-00816-LJO-SAB-PC).

IT IS SO ORDERED.

   Dated:  **December 4, 2014**        **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE